Johnson agt. Jillitt.

---

## SUPREME COURT.

### JOHNSON agt. JILLITT.

The court has no authority to allow a provision to be inserted in an order, that the costs of a motion to change the venue abide the event of the suit, and that they be inserted in the bill of general costs at a specified amount, if the moving party is finally entitled to costs.

The Code does not authorize *motion costs* to be taxed and inserted in the judgment.

*Monroe Special Term, January* 1853. A motion to change the place of trial having been granted, the defendant's counsel asked for costs of the motion, the amount to be fixed and inserted in the order, with a provision that the defendant be allowed to insert them in his general bill, provided the final result should entitle him to recover judgment for costs against the plaintiff; in other words, that the costs of the motion be ordered to abide the event of the action.

B. W. FRANKLIN, *for Defendant.*
H. HUNTER, *for Plaintiff.*

WELLES, Justice.—I am aware that the practice has prevailed to some extent, of granting orders substantially as asked for in this case; but I am satisfied it has been without sufficient consideration. It has, I presume, grown out of a practice existing prior to the passage of the Code, and at a time when the costs were made up of specific items of services and disbursements, under the provisions of former statutes concerning costs. Where motion to change the venue was granted or denied upon the merits, the costs, as a matter of course, would abide the event (*Gr. Pr. 2d ed. 566*). No provision was necessary in the order, to enable the party ultimately entitled to recover his general costs against his adversary, and to tax the costs of the motion in his final bill; nor was it necessary or proper that the amount of such costs should be fixed and liquidated upon granting the motion. The fee bill had made all the necessary provisions for that purpose. I had occasion, in the case of Thomas agt. Clark and Rogers (5 *How. Pr. R.* 375), to consider the question in what class of motions the costs were to be taxed in the general bill, under the law and practice prior to the Code; and I attempted to show, that in all such cases, it was improper to liquidate the amount at the time the order was made. By the present Code, costs may be allowed on motion in the discretion of the court, not exceeding ten dollars (§ 315). When they are allowed, the amount must be determined, and inserted in the order; otherwise they can never be collected. When thus ordered, the party entitled may collect them forthwith, without waiting the final determination of the action. The discretion of the court is to be exercised upon the questions whether either, and which party shall pay the costs of the motion, and to what amount, not exceeding $10; and not as to when, or how, or in what event it shall be collected. Under the Code, costs of motion, as such, can in no case go into the judgment. Section 307, contains a specificaton of all the costs which a party can, in any event, have inserted in his judgment, excepting the extra allowances provided for in sections 308 and 309. The principle adopted, is to allow certain amounts in gross for certain periods of time, or stages, in the progress of the action, and certain specified sums for other particular services enumerated. For instance, to the defend-

ant, for all the proceedings before notice of trial, five dollars; for all subsequent proceedings before trial, seven dollars. Then allowances are made for the trials of issues, distinguishing between the plaintiff and the defendant; and ten dollars to either party in a certain case, for each circuit or term of the court, when the cause is necessarily on the calendar. It will be seen, therefore, that there is no possible way, in any case, to get a charge for motion costs allowed or taxed as part of the judgment, without a palpable violation of the statute.

In a case proper for an extra allowance, under sections 308 and 309, the fact that the party applying had properly made or opposed a motion to change the place of trial, or for a commission, or any other motion, where, by the practice of the court, he could not have costs of motion allowed when the order was granted, would be a legitimate consideration for the court in determining the rate or measure of such allowance.

I am satisfied the court has no authority to direct the provision in the order as applied for, and the motion is granted without it.